**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**LAMAR RAY**
        **Petitioner,**

    **v.**                                    **Case No. 07-C-1072**
                                                **(Criminal Case No. 04-CR-71)**

**UNITED STATES OF AMERICA,**
        **Respondent.**

---

### DECISION AND ORDER

In this action, petitioner Lamar Ray seeks to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Before me is petitioner's motion for leave to amend his § 2255 petition. The Rules Governing Section 2255 Proceedings do not specifically address amendments, but Rule 12 does provide that the Rules of Civil Procedure may be applied. This, in turn, leads the court to Fed. R. Civ. P. 15(a), which provides that a party may amend his pleading once as a matter of course within twenty-one days after serving it, or otherwise with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999) (holding that this Rule 15 applies to § 2255 amendments). Section 2255 litigants, like other civil litigants, may seek leave from the court to amend their pleadings, although the judge may deny leave if, for example, doing so would unreasonably delay the proceeding, id. at 805-06, or if the amendment would be futile, see, e.g., Advent Electronics, Inc. v. Buckman, 918 F. Supp. 260, 264 (N.D. Ill. 1996).

I first set forth the procedural history of the case before turning to petitioner's motion to amend.

## I. BACKGROUND

Petitioner pleaded guilty to three armed robberies, 18 U.S.C. §§ 2113(d) & 1951, and two counts of use of a firearm during a crime of violence, 18 U.S.C. § 924(c), and on November 29, 2006, I sentenced him to a total of 492 months in prison, the term jointly recommended by the parties pursuant to their plea agreement. Petitioner took no appeal but on December 3, 2007, he filed a motion to vacate his sentence under § 2255. He subsequently amended the motion on December 20, 2007, resubmitted on April 7, 2008.

In his amended motion, petitioner claimed that his trial counsel provided ineffective assistance by (1) failing to investigate police beatings to which he was allegedly subjected after his arrest; (2) failing to move to suppress his resulting confession; (3) improperly inducing his guilty plea with, inter alia, promises of a sentence reduction based on substantial assistance; and (4) failing to present mitigating psychological evidence at sentencing.[1] On April 24, 2008, I screened the motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, finding that these were at least colorable constitutional claims, see, e.g., Glover v. United States, 531 U.S. 198 (2001); Kimmelman v. Morrison, 477 U.S. 365 (1986); Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984), which petitioner did not have to raise on direct appeal, Massaro v. United States, 538 U.S. 500 (2003), and which appeared to fall within one of the exceptions to the appeal/collateral attack waiver contained in petitioner's plea agreement.[2] I therefore directed the government to respond.

---

[1] Petitioner raised a separate claim (denominated claim # 3 in the motion) based on counsel's "cumulative errors," but that claim rested on essentially the same factual allegations as his first two claims. Therefore, I have not in this case analyzed it separately.

[2] In the plea agreement, petitioner waived the right to appeal or challenge his conviction or sentence in any post-conviction proceeding, including a motion under 28 U.S.C. § 2255.

2

The government filed its response on July 24, 2008, including an affidavit from petitioner's trial counsel, Calvin Malone. Malone first indicated that petitioner never advised him of the alleged beatings; nor did counsel know that petitioner received medical attention after his arrest. He therefore acquired no basis for filing a motion to suppress based on the alleged beatings. Second, Malone averred that while he discussed with petitioner the possibility of a sentence reduction motion under U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35, he denied improperly inducing petitioner's plea with promises or assurances that petitioner would receive credit for cooperation. Finally, Malone indicated that while he did obtain a neuro-psychological evaluation of petitioner, he made a strategic decision not to submit the report at sentencing because it did not bear out petitioner's claims and thus would have been unhelpful and possibly harmful.

Meanwhile, petitioner had filed a civil rights action under 42 U.S.C. § 1983 against the arresting officers alleging excessive force. Petitioner asked that his § 2255 action be stayed pending resolution of the § 1983 case. While I declined to issue a formal stay, I did withhold issuance of a decision pending the outcome of the § 1983 trial. On January 28, 2009, a jury returned a verdict in favor of the defendant-police officers in the § 1983 case. On February 12, 2009, I issued an order permitting the parties to comment on the effect, if any, of this verdict on the pending § 2255 motion. Petitioner argued that the verdict should have no effect. The government indicated that while the verdict may be relevant to the prejudice prong (in that it tended to suggest that the suppression motion petitioner claimed his attorney ought to have

---

The waiver exempted appeals or motions based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel. (Plea Agreement [Case No. 04-CR-71 R. 88] at 15 ¶ 29.)

3

filed would have failed), the government believed that there was no deficient attorney performance in the first instance making it unnecessary for the court to reach the issue of prejudice.

On review of the parties' submissions, on May 7, 2009, I concluded that resolution of petitioner's motion required an evidentiary hearing. Petitioner alleged that he told Malone of the circumstances surrounding his arrest and confession; Malone denied that petitioner did so.[3] Petitioner alleged that Malone induced the plea by telling petitioner that he could not present his defense at trial, that he would receive a sentence reduction based on cooperation, and that the results of a psychological evaluation would be presented at sentencing; counsel denied these allegations. I could not determine who was telling the truth regarding these claims without a hearing.[4]

Because an evidentiary hearing was warranted, on June 3, 2009, I appointed counsel

---

[3] As I indicated in the May 7, 2009 order, this claim presents two factual issues – (1) did petitioner advise counsel of the alleged beatings and (2) did the abuse actually occur. The government defended the claim primarily on the performance prong, requiring resolution of the first factual issue. In order to demonstrate prejudice on this claim, petitioner will have to show that a motion to suppress would have been meritorious. See United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005). This, in turn, would implicate the second factual issue. Given the posture of the case, I found that it made sense to focus first on the performance issue.

[4] Petitioner's claim that counsel withheld mitigating evidence at sentencing was based primarily on counsel's failure to present a psychological evaluation report. Petitioner claimed that the report could have provided some support for his claim that psychological factors contributed to his criminal conduct. Counsel stated that he did not present the report because it did not support petitioner's claim that an "alter-ego" was essentially responsible for the crimes. Counsel further stated that he was concerned that pressing this type of argument could jeopardize acceptance of responsibility and/or diminish petitioner's usefulness as a government witness. I noted that these appeared to be reasonable tactical considerations but deferred ruling pending an in camera review of the report, which has since been filed with the court. In the instant motion, petitioner concedes that he cannot prevail on this claim and seeks to withdraw it.

4

for petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings. On June 23, 2009, I conducted a status conference with counsel, scheduling an evidentiary hearing for September 17, 2009. The parties subsequently requested – and I granted – several adjournments to permit the parties to investigate the possibility of a Rule 35(b) motion and the viability of an additional claim for relief.[5]

## II. MOTION TO AMEND

On March 19, 2010, petitioner, through counsel, filed the instant motion for leave to file a second amended § 2255 motion. In the motion for leave, he seeks to withdraw his claims of ineffective assistance based on failure to conduct a pre-trial investigation and failure to present mitigating evidence at sentencing. He also seeks permission to add a claim under Brady v. Maryland, 373 U.S. 83 (1963) based on the government's failure to provide Attorney Malone with records related to petitioner's in-custody trip to Columbia St. Mary's Hospital for treatment of injuries he allegedly sustained during his arrest.[6] Petitioner contends that, had Attorney Malone been provided with such records, he likely would have sought suppression of petitioner's statement to law enforcement. Suppression of the statement, he contends, would have dramatically altered the case because it would have eliminated the strongest piece of evidence against him, making it unlikely he would have pleaded guilty. Thus, the second amended § 2255 motion would allege (1) a Brady claim and (2) a claim of ineffective assistance based on (a) failure to move to suppress petitioner's statement and (b) inducing petitioner's plea by guaranteeing a Rule 35 motion.

---

[5]The hearing is currently set for August 11, 2010.

[6]In the motion, petitioner indicates that he has made an open records request for any such reports and been advised that none could be located.

5

The government opposes leave to amend. The government first argues that petitioner procedurally defaulted the Brady claim by failing to raise it on direct appeal. While petitioner's ineffective assistance claim was properly raised for the first time under § 2255, see Massaro, 538 U.S. at 504, a Brady claim could have been (but was not) pressed on direct appeal.[7] The government argues that, because petitioner was present for the alleged beating and the resulting trip to the emergency room, he knew all the facts necessary to press an appeal based on the government's failure to prepare and disclose a report describing his trip to the hospital. Thus, the government contends that the court should disallow the claim absent a showing of cause and prejudice.

The government also questions the timeliness of the amendment. Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). While the original motion was timely filed, the government indicates that it is far from clear that the new claim "relates back" to the date of his original motion. See Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back under Fed. R. Civ. P. 15(c) in a habeas case). In Mayle, the Court held that an amended habeas petition does not relate back merely because both the original petition and the amended pleading arose from the same trial and conviction. Nor does an amended habeas petition "relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. The government asserts that in this case petitioner is raising a new ground for relief based on the alleged failure of the government to disclose Brady

---

[7]A procedurally defaulted claim may be raised under § 2255 only if the petitioner demonstrates that he is "actually innocent," or that there is "cause" for his failure to raise the claim sooner and actual prejudice based on the error alleged. See Torzala v. United States, 545 F.3d 517, 522 (7th Cir. 2008).

material, not on the asserted failures of his trial counsel; the new claim is based on different facts and rests on a different constitutional premise (the right to due process, versus the right to counsel). Accordingly, the government argues that it does not "relate back" and should therefore be rejected as untimely.[8]

### III. DISCUSSION

Petitioner has already amended once as a matter of course, and the government does not consent to the instant amendment. Thus, I must determine whether to grant leave. As indicated above, Rule 15(a)(2) provides that leave should be "freely given," but it permits the court to deny an amendment based on factors such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Airborne Beepers & Video, Inc. v. A T & T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007).

The government's position is essentially that, because the new claim is defaulted and/or untimely, the amendment would be futile. While petitioner's Brady claim may, for at least one of the reasons the government states, ultimately prove unsuccessful, I find that leave to add it should be granted.

Directs appeals are generally limited to the material in the record, e.g., Galbraith v. United States, 313 F.3d 1001, 1007-08 (7th Cir. 2002), and the Seventh Circuit has held that because Brady claims typically require additional factual development, it can be appropriate to reserve them for a § 2255 action, e.g., United States v. King, 150 F.3d 644, 651 (7th Cir. 1998); see also United States v. Dominguez Benitez, 542 U.S. 74, 83 n.9 (2004) (indicating

---

[8]The government has not sought to invoke the appeal/collateral attack waiver provision of the plea agreement to block the Brady claim.

7

that claims under Strickland and Brady may be raised in a motion under 28 U.S.C. § 2255, permitting greater development of the record); United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000) (indicating that a Brady claim "readily could have been presented under § 2255"). Although in this case petitioner knew of his trip to the hospital prior to the time for direct appeal, it appears that the further factual development he proposes would be helpful (if not necessary) to resolution of his claim. Specifically, the court could at a hearing discover whether any police reports relating to the trip were or should have been prepared and produced.[9]

I further find that the Brady claim is closely related to his remaining claim of ineffective assistance based on counsel's failure to file a motion to suppress. The facts underlying both claims are similar in time and type, in that both revolve around petitioner's alleged beating, trip to the hospital, and (allegedly resulting) confession. The claims are also closely related legally, in that both depend, for a showing of prejudice/materiality, on the probable success of a motion to suppress petitioner's confession.

Finally, allowing petitioner to amend his motion to add the Brady claim would not further delay the case or prejudice the government, since the court has already scheduled a hearing on petitioner's surviving (and related) claims. Petitioner indicates that just one additional

---

[9] I do not in this decision hold that Brady claims may always be reserved for § 2255 review, only that petitioner's claim should be permitted to proceed in this case. I also note that, in order for petitioner to succeed on his Brady claim, he must show that: (1) the government suppressed evidence; (2) the suppressed evidence was favorable; and (3) the suppressed evidence was material to an issue at trial. Evidence is "suppressed" for Brady purposes when (1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. United States v. Todd, 424 F.3d 525, 534 (7th Cir. 2005). The government's observation that petitioner knew of his hospital trip – and thus presumably could have obtained hospital or other pertinent records himself – may well be relevant to the merits of the claim.

8

witness will testify based on the new claim.

### IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion for leave to amend (R. 42) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

9